# U.S. District Court
## Eastern District of Arkansas (Central Division)
## CIVIL DOCKET FOR CASE #: 4:21−cv−00444−BRW
### *Internal Use Only*

Jones v. Faulkner County, Arkansas et al
Assigned to: Judge Billy Roy Wilson
Cause: 28:1331 Fed. Question: Medical Malpractice

Date Filed: 05/21/2021
Date Terminated: 12/27/2022
Jury Demand: Both
Nature of Suit: 362 Personal Inj. Med.
Malpractice
Jurisdiction: Federal Question

**Plaintiff**

**Sandra Jones**
*Personal Representative of the Estate of*
*Antonio L. Jones, Deceased*
*other*
Antonio L Jones

represented by **Morris W. Thompson**
Morris W. Thompson Law Firm, P.A.
Post Office Box 662
Little Rock, AR 72203−0662
501−661−8100
Fax: 501−372−4101
Email: mwthompsonlaw@sbcglobal.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Faulkner County, Arkansas**

represented by **Jason E. Owens**
Jason Owens Law Firm, PA
1312 West Oak Street
Conway, AR 72034
501−764−4334
Email: owens@jowenslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Allen Mosley**
Jason Owens Law Firm, PA
1312 West Oak Street
Conway, AR 72034
501−764−4334
Fax: 501−764−9173
Email: mosley@jowenslawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garry Stewart**
*M.D.; Individually*

represented by **Jason E. Owens**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Dustin Robert Darst**
Reece Moore McNeill Pendergraft
8201 Cantrell Road
Suite 315C
Little Rock, AR 72227
501–918–9995
Email: ddarst@rmp.law
*ATTORNEY TO BE NOTICED*

**Michael Allen Mosley**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul D. McNeill**
RMP LLP
710 Windover Road
Suite B
Jonesboro, AR 72401
870–394–5200
Fax: 870–520–6250
Email: pmcneill@rmp.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**Karen Grant**                    represented by    **Jason E. Owens**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael Allen Mosley**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Leanne Dixon**                   represented by    **Jason E. Owens**
*Individually*                                       (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Michael Allen Mosley**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Tim Ryalls**
*individually*
*TERMINATED: 12/02/2021*

**Defendant**

**Chris Riedmueller**
*individually*
*TERMINATED: 12/02/2021*

**Defendant**

| | |
|---|---|
| **Karen Munyan** | represented by **Jason E. Owens** |
| *Special Administrator of the Estate of* | (See above for address) |
| *Monte Munyan, Deceased* | *TERMINATED: 12/02/2021* |
| *TERMINATED: 12/02/2021* | *LEAD ATTORNEY* |
| *other* | *ATTORNEY TO BE NOTICED* |
| Monte Munyan | |
| *TERMINATED: 12/02/2021* | |

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Docket Text |
|---|---|---|
| 05/21/2021 | 1 | COMPLAINT with Jury Demand against All Defendants, filed by Sandra Jones. No summons issued. (Fee of $402 paid. Receipt Number LIT082191.) (Attachments: # 1 Civil Cover Sheet) (jbh) (Entered: 05/21/2021) |
| 05/24/2021 | | Summons Issued as to All Defendants and returned to counsel for service. (mdo) (Entered: 05/24/2021) |
| 05/26/2021 | 2 | SUMMONS Returned Executed by Sandra Jones. Faulkner County, Arkansas served on 5/25/2021. (jap) (Entered: 05/26/2021) |
| 05/26/2021 | 3 | SUMMONS Returned Executed by Sandra Jones. Garry Stewart served on 5/25/2021. (jap) (Entered: 05/26/2021) |
| 05/26/2021 | 4 | SUMMONS Returned Executed by Sandra Jones. Karen Grant served on 5/25/2021. (jap) (Entered: 05/26/2021) |
| 05/26/2021 | 5 | SUMMONS Returned Executed by Sandra Jones. Leanne Dixon served on 5/25/2021. (jap) (Entered: 05/26/2021) |
| 06/14/2021 | 6 | ANSWER to 1 Complaint with Jury Demand by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart.(Owens, Jason) (Entered: 06/14/2021) |
| 06/14/2021 | 7 | INITIAL SCHEDULING ORDER: Rule 26(f) Conference to occur by 8/23/2021. Rule 26(f) Report due by 9/7/2021. Jury Trial set for 6/28/2022 at 9:30 AM in Little Rock Courtroom # A401 before Judge Billy Roy Wilson. Entered at the direction of the Court on 6/14/21. (mmb) (Entered: 06/14/2021) |
| 06/16/2021 | 8 | NOTICE of Appearance by Paul D. McNeill on behalf of Garry Stewart (McNeill, Paul) (Entered: 06/16/2021) |
| 06/16/2021 | 9 | NOTICE of Appearance by Dustin Robert Darst on behalf of Garry Stewart (Darst, Dustin) (Entered: 06/16/2021) |
| 09/07/2021 | 10 | REPORT of Rule 26(f) Planning Meeting by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. *Joint* (Owens, Jason) (Entered: 09/07/2021) |
| 09/07/2021 | 11 | FINAL SCHEDULING ORDER: Jury Trial set for 6/28/2022 at 9:30 AM in Little Rock Courtroom # A401 before Judge Billy Roy Wilson. Discovery due by 3/30/2022. |

| | | |
|---|---|---|
| | | Daubert and Dispositive Motions due by 4/14/2022. Pretrial Disclosure Sheet due by 5/31/2022. Entered at the direction of the Court on 9/7/21. (mmb) (Entered: 09/07/2021) |
| 11/04/2021 | 12 | AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Sandra Jones (Attachments: # 1 Order appointing Special Administrator, # 2 Order appointing Special Administrator)(Thompson, Morris) (Docket text modified on 11/5/2021 to correct parties.)(cmn) [STRICKEN FROM THE RECORD PER 20 ORDER] (jak) (Entered: 11/04/2021) |
| 11/05/2021 | 13 | NOTICE re Proof of Service by Sandra Jones. (jap) (Entered: 11/05/2021) |
| 11/05/2021 | 14 | AMENDED COMPLAINT *SECOND* with Jury Demand against All Defendants, filed by Sandra Jones (Attachments: # 1 Exhibit, # 2 Exhibit)(Thompson, Morris) (Docket text modified on 11/5/2021 to correct the parties.)(cmn) [STRICKEN FROM THE RECORD PER 20 ORDER] (jak) (Entered: 11/05/2021) |
| 11/05/2021 | | Summons Issued as to Karen Munyan and returned to counsel for plaintiff. (jap) (Entered: 11/05/2021) |
| 11/05/2021 | | NOTICE OF DOCKET CORRECTION re 14 Amended Complaint. CORRECTION: The docket entry was modified to correct the applicable parties and description as, "AMENDED COMPLAINT SECOND with Jury Demand against All Defendants, filed by Sandra Jones" as indicated by the document. (cmn) (Entered: 11/05/2021) |
| 11/05/2021 | | NOTICE OF DOCKET CORRECTION re 12 Amended Complaint. CORRECTION: The docket entry was modified to correct the applicable parties and description as, "AMENDED COMPLAINT with Jury Demand against All Defendants, filed by Sandra Jones" as indicated by the document. (cmn) (Entered: 11/05/2021) |
| 11/12/2021 | 15 | SUMMONS Returned Executed by Sandra Jones. Karen Munyan served on 11/11/2021. (fjg) (Entered: 11/12/2021) |
| 11/15/2021 | 16 | MOTION to Strike 12 Amended Complaint, 14 Amended Complaint by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart (Owens, Jason) (Entered: 11/15/2021) |
| 11/15/2021 | 17 | BRIEF IN SUPPORT re 16 Motion to Strike filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 11/15/2021) |
| 11/29/2021 | 18 | MOTION to Dismiss by Karen Munyan (Owens, Jason) (Entered: 11/29/2021) |
| 11/29/2021 | 19 | BRIEF IN SUPPORT re 18 Motion to Dismiss filed by Karen Munyan. (Owens, Jason) (Entered: 11/29/2021) |
| 12/02/2021 | 20 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 16 Defendants' Motion to Strike the Amended Complaints 12 14 , because Plaintiff has not responded and the time for doing so has passed. Additionally, they were filed in violation of the Federal Rules of Civil Procedure. The Original Complaint 1 is again controlling in this case, Accordingly, "Karen Munyan, Special Administrator of the Estate of Monte Munyan, Deceased" is no longer a party in this case so the Motion to Dismiss 18 is moot. Signed by Judge Billy Roy Wilson on 12/02/2021. (dmm) (Entered: 12/02/2021) |
| 12/17/2021 | 21 | MOTION to Amend/Correct by All Plaintiffs (Attachments: # 1 Amended Complaint)(Thompson, Morris) (Additional attachment(s) added on 12/17/2021: # 2 |

| | | Exhibit Order Appointing Special Administrator, # 3 Exhibit Karen Munyan Order) (jak). (Entered: 12/17/2021) |
|---|---|---|
| 12/17/2021 | 22 | NOTICE OF DOCKET CORRECTION re 21 MOTION to Amend/Correct. CORRECTION: The original document was filed without two exhibits. The two exhibits were added to the docket entry based on the attached correspondence from the filing attorney. (jak) (Entered: 12/17/2021) |
| 12/31/2021 | 23 | RESPONSE in Opposition re 21 MOTION to Amend/Correct filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 12/31/2021) |
| 01/03/2022 | 24 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER denying 21 Plaintiff's Motion to Amend for the reasons set out in Defendants' response 23 . Signed by Judge Billy Roy Wilson on 01/03/22. (dmm) (Entered: 01/03/2022) |
| 01/19/2022 | 25 | MOTION to Clarify by All Plaintiffs (Thompson, Morris) (Additional attachment(s) added on 1/19/2022: # 1 Main Document – Correct (submitted 1/19/2022)) (jak). (Entered: 01/19/2022) |
| 01/19/2022 | 26 | NOTICE OF DOCKET CORRECTION re 25 MOTION to Clarify. CORRECTION: The original document was submitted in error (wrong image file). The correct document was added to docket entry 25 and is attached hereto pursuant to instruction from the filing attorney. (jak) (Entered: 01/19/2022) |
| 02/03/2022 | 27 | MOTION for Protective Order *Agreed* by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart (Attachments: # 1 Exhibit 1 – Proposed Agreed Protective Order)(Owens, Jason) (Entered: 02/03/2022) |
| 02/03/2022 | 28 | BRIEF IN SUPPORT re 27 Motion for Protective Order filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 02/03/2022) |
| 02/10/2022 | 29 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 27 Motion for Protective Order. Signed by Judge Billy Roy Wilson on 2/10/22. (mmb) (Entered: 02/10/2022) |
| 02/10/2022 | 30 | AGREED PROTECTIVE ORDER. Signed by Judge Billy Roy Wilson on 2/10/22. (mmb) (Entered: 02/10/2022) |
| 02/11/2022 | 31 | ORDER granting to the extent that the ruling has been explained as set forth in this order and denying any requested relief 25 Motion to Clarify. Signed by Judge Billy Roy Wilson on 2/11/2022. (ldb) (Entered: 02/11/2022) |
| 02/22/2022 | 32 | MOTION to Continue by All Plaintiffs (Thompson, Morris) (Entered: 02/22/2022) |
| 02/23/2022 | 33 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 32 Motion to Continue. The 6/28/22 trial date is cancelled and will be reset via scheduling order. Signed by Judge Billy Roy Wilson on 2/23/22. (mmb) (Entered: 02/23/2022) |
| 02/23/2022 | 34 | AMENDED FINAL SCHEDULING ORDER: Jury Trial reset for 1/10/2023 at 9:30 AM in Little Rock Courtroom # A401 before Judge Billy Roy Wilson. Discovery due by 10/12/2022. Daubert and Dispositive Motions due by 10/27/2022. Pretrial Disclosure Sheet due by 12/13/2022. Entered at the direction of the Court on 2/23/22. |

| | | (mmb) (Entered: 02/23/2022) |
|---|---|---|
| 06/08/2022 | 35 | NOTICE of Appearance by Michael Allen Mosley on behalf of Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart (Mosley, Michael) (Entered: 06/08/2022) |
| 10/10/2022 | 36 | MOTION to Quash by All Plaintiffs (Thompson, Morris) (Entered: 10/10/2022) |
| 10/18/2022 | 37 | MOTION to Withdraw 36 MOTION to Quash by Sandra Jones (Thompson, Morris) (Entered: 10/18/2022) |
| 10/18/2022 | 38 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 37 Plaintiff's Motion to Withdraw and withdrawing 36 Plaintiff's Motion to Quash. Signed by Judge Billy Roy Wilson on 10/18/22. (dmm) (Entered: 10/18/2022) |
| 10/26/2022 | 39 | MOTION to Strike 6 Answer to Complaint by All Plaintiffs (Attachments: # 1 Exhibit, # 2 Exhibit)(Thompson, Morris) (Entered: 10/26/2022) |
| 10/27/2022 | 40 | MOTION for Partial Summary Judgment by Garry Stewart (McNeill, Paul) (Entered: 10/27/2022) |
| 10/27/2022 | 41 | BRIEF IN SUPPORT re 40 Motion for Partial Summary Judgment filed by Garry Stewart. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(McNeill, Paul) (Entered: 10/27/2022) |
| 10/27/2022 | 42 | STATEMENT OF FACTS (Local Rule 56.1) re 40 Motion for Partial Summary Judgment filed by Garry Stewart. (McNeill, Paul) (Entered: 10/27/2022) |
| 10/27/2022 | 43 | MOTION for Summary Judgment by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart (Owens, Jason) (Entered: 10/27/2022) |
| 10/27/2022 | 44 | STATEMENT OF FACTS (Local Rule 56.1) re 43 Motion for Summary Judgment filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Attachments: # 1 Exhibit 1 – Huffman Affidavit, # 2 Exhibit 2 – Grant Affidavit, # 3 Exhibit 3 – Dixon Affidavit, # 4 Exhibit 4 – Norman Affidavit)(Owens, Jason) (Entered: 10/27/2022) |
| 10/27/2022 | 45 | MOTION in Limine by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart (Attachments: # 1 Exhibit A – Blanchard Opinion, # 2 Exhibit B – Spurlock Opinion, # 3 Exhibit C – Stanley Opinion, # 4 Exhibit D – Terry Opinion, # 5 Exhibit E – Jones Depo)(Mosley, Michael) (Entered: 10/27/2022) |
| 10/27/2022 | 46 | BRIEF IN SUPPORT re 45 Motion in Limine, filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Mosley, Michael) (Entered: 10/27/2022) |
| 10/27/2022 | 47 | BRIEF IN SUPPORT re 43 Motion for Summary Judgment filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 10/27/2022) |
| 11/01/2022 | 48 | MOTION in Limine by All Plaintiffs (Attachments: # 1 Document, # 2 Exhibit, # 3 Exhibit)(Thompson, Morris) (Entered: 11/01/2022) |
| 11/07/2022 | 49 | MOTION for Extension of Time to File Response/Reply by All Plaintiffs (Thompson, Morris) (Entered: 11/07/2022) |

| | | |
|---|---|---|
| 11/07/2022 | 50 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting in part and denying in part 49 Plaintiff's Motion for Extension of Time to File Responses. Plaintiff's responses to Defendants' Motions for Summary Judgment 40 43 must be filed by 5 p.m., Monday, November 21, 2022. This is an eleven day extension from the previous deadlines. Signed by Judge Billy Roy Wilson on 11/07/22. (dmm) (Entered: 11/07/2022) |
| 11/07/2022 | 51 | RESPONSE in Opposition re 45 MOTION in Limine filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Thompson, Morris) (Entered: 11/07/2022) |
| 11/09/2022 | 52 | RESPONSE in Opposition re 39 MOTION to Strike 6 Answer to Complaint filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 11/09/2022) |
| 11/09/2022 | 53 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER denying 39 Plaintiff's Motion to Strike Affirmative Defenses. *See* Fed. R. Civ. P. 12(f). Signed by Judge Billy Roy Wilson on 11/09/22. (dmm) (Entered: 11/09/2022) |
| 11/09/2022 | 54 | REPLY to Response to Motion re 45 MOTION in Limine filed by Faulkner County, Arkansas, Karen Grant, Garry Stewart and Leanne Dixon. (Mosley, Michael) Docket text modified on 11/10/2022 to correct description. (kbc) (Entered: 11/09/2022) |
| 11/10/2022 | | NOTICE OF DOCKET CORRECTION re 54 Reply to Response. CORRECTION: The docket text was modified to correct the description to include Defendant Leanne Dixon as indicated on the document. (kbc) (Entered: 11/10/2022) |
| 11/15/2022 | 55 | RESPONSE in Opposition re 48 MOTION in Limine filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Attachments: # 1 Exhibit Ex 1 – Jail Roster disclosed in discovery)(Owens, Jason) (Entered: 11/15/2022) |
| 11/21/2022 | 56 | MOTION for Extension of Time to File Response/Reply by All Plaintiffs (Thompson, Morris) (Entered: 11/21/2022) |
| 11/21/2022 | 57 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER granting 56 Motion for Extension of Time to File Reply to the motion(s) for Summary Judgment due by 11/28/2022. Signed by Judge Billy Roy Wilson on 11/21/22. (mmb) (Entered: 11/21/2022) |
| 11/28/2022 | 58 | RESPONSE re 42 Statement of Facts (Local Rule 56.1) filed by All Plaintiffs. (Thompson, Morris) (Entered: 11/28/2022) |
| 11/28/2022 | 59 | RESPONSE re 44 Statement of Facts (Local Rule 56.1), filed by All Plaintiffs. (Thompson, Morris) (Entered: 11/28/2022) |
| 11/28/2022 | 60 | STATEMENT OF FACTS re 61 Response to Motion for Summary Judgment filed by All Plaintiffs. (Thompson, Morris)(Docket text modified on 11/28/2022 to correct the linkage) (jak) (Entered: 11/28/2022) |
| 11/28/2022 | 61 | RESPONSE in Opposition re 40 MOTION for Partial Summary Judgment , 43 MOTION for Summary Judgment filed by All Plaintiffs. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit)(Thompson, Morris) (Entered: |

| | | |
|---|---|---|
| | | 11/28/2022) |
| 11/28/2022 | | NOTICE OF DOCKET CORRECTION re 60 Statement of Facts. CORRECTION: The docket text was modified to correct the linkage to 61 Response to Motion for Summary Judgment. (jak) (Entered: 11/28/2022) |
| 11/30/2022 | 62 | EXHIBIT U – Two videos to 61 Response in Opposition to Motion filed by Sandra Jones. Flash drive filed conventionally and maintained in the Clerk's office. (kth) (Entered: 11/30/2022) |
| 12/02/2022 | 63 | MOTION in Limine by All Plaintiffs (Thompson, Morris) (Entered: 12/02/2022) |
| 12/02/2022 | 64 | BRIEF IN SUPPORT re 63 Motion in Limine filed by All Plaintiffs. (Thompson, Morris) (Entered: 12/02/2022) |
| 12/05/2022 | 65 | REPLY to Response to Motion re 40 MOTION for Partial Summary Judgment filed by Garry Stewart. (Attachments: # 1 Exhibit A)(McNeill, Paul) (Entered: 12/05/2022) |
| 12/05/2022 | 66 | REPLY to Response to Motion re 43 MOTION for Summary Judgment filed by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 12/05/2022) |
| 12/13/2022 | 67 | PRETRIAL DISCLOSURE SHEET *Defendants'* by Leanne Dixon, Faulkner County, Arkansas, Karen Grant, Garry Stewart. (Owens, Jason) (Entered: 12/13/2022) |
| 12/14/2022 | 68 | MOTION to Strike *Untimely Daubert Motion* by Garry Stewart (McNeill, Paul) (Entered: 12/14/2022) |
| 12/14/2022 | 69 | BRIEF IN SUPPORT re 68 Motion to Strike *Untimely Daubert Motion* filed by Garry Stewart. (McNeill, Paul) (Entered: 12/14/2022) |
| 12/14/2022 | 70 | PRETRIAL DISCLOSURE SHEET by Sandra Jones. (Thompson, Morris) (Entered: 12/14/2022) |
| 12/15/2022 | 71 | RESPONSE to Motion re 63 MOTION in Limine *to Exclude Defendant's Expert Witness* filed by Garry Stewart. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(McNeill, Paul) (Entered: 12/15/2022) |
| 12/27/2022 | 72 | ORDER: Defendant Gary Stewarts Partial Motion for Summary Judgment (Doc. No. 40 ) is GRANTED. Defendants Motion for Summary Judgment (Doc. No. 43 ) is GRANTED. Plaintiffs Motion in Limine (Doc. No. 48 ) is DENIED. Defendants Motion in Limine (Doc. No. 45 ), Plaintiffs Motions in Limine (Doc. No. 48 ), and Defendant Garry Stewarts Motion to Strike Untimely Daubert Motion (Doc. No. 68 ) are DENIED AS MOOT. The case is dismissed with prejudice. Signed by Judge Billy Roy Wilson on 12/27/22. (mmb) (Entered: 12/27/2022) |
| 12/27/2022 | 73 | JUDGMENT in favor of Defendants. Based on the Order entered today, December 27, 2022, this case is dismissed with prejudice. Signed by Judge Billy Roy Wilson on 12/27/22. (mmb) (Entered: 12/27/2022) |
| 01/24/2023 | 74 | MOTION to Amend/Correct by Sandra Jones (Thompson, Morris) (Entered: 01/24/2023) |
| 01/26/2023 | 75 | (This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER denying 74 Plaintiff's Motion to Amend Judgment. Signed by Judge Billy Roy Wilson on 01/26/23. (dmm) (Entered: 01/26/2023) |

| 02/23/2023 | 76 | NOTICE OF APPEAL re 72 Order, 73 Judgment, and 75 Order by Sandra Jones. (Thompson, Morris) (Docket entry modified on 2/24/2023 to correct the filing event)(jak) (Entered: 02/23/2023) |
|---|---|---|
| 02/24/2023 | | NOTICE OF DOCKET CORRECTION re 76 Notice. CORRECTION: The docket entry was modified to correct the filing event as "NOTICE OF APPEAL by Sandra Jones" as marked on the document. (jak) (Entered: 02/24/2023) |
| 02/24/2023 | 77 | NOTIFICATION OF APPEAL and NOA SUPPLEMENT as to Sandra Jones re 76 Notice of Appeal, 72 Order, 73 Judgment, 75 Order. (fcd) (Entered: 02/24/2023) |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**SANDRA JONES, Personal Representative of**
**the Estate of ANTONIO L. JONES, Deceased**                    **PLAINTIFF**

**v.**                                   **4:21-CV-00444-BRW**

**FAULKNER COUNTY, ARKANSAS**
**Dr. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**                            **DEFENDANTS**

<u>**ORDER**</u>

Pending are Defendant Garry Stewart's Partial Motion for Summary Judgment (Doc. No. 40), Defendants' Motion for Summary Judgment (Doc. No. 43), Defendants' Motion in Limine (Doc. No. 45),  Plaintiff's Motions in Limine (Doc. Nos. 48, 63), and Defendant Gary Stewart's Motion to Strike Untimely Daubert Motion (Doc. No. 68).  The parties have responded and replied.[1]  For the reasons set out below, the Defendants' motions for summary judgment are GRANTED, Plaintiff's Motion in Limine (Doc. No. 48) is DENIED, and all other motions are DENIED as MOOT.

**I.      BACKGROUND**[2]

**A.      Plaintiff's Motion in Limine**

As an initial matter, on November 1, 2022, Plaintiff  filed a motion in limine seeking to exclude three affidavits submitted by the Defendants in support of their motion for summary

---

[1]Doc. Nos. 61, 65, 66.

[2]Unless otherwise noted, the Background section is from the Statement of Facts (Doc. Nos. 44, 59).

1

judgment.[3]   I note that Plaintiff did not dispute the accuracy of Defendants' facts in her response

to the statement of facts.[4]   Instead, Plaintiff contended that the affidavits were inadmissible based

on her motion in limine and should not be considered.

Plaintiff's motion in limine[5] is without merit and is DENIED.   Accordingly, I will

consider the information that Plaintiff denied based on the inadmissability of the supporting

affidavits as undisputed facts in considering the motion for summary judgment.

### B.      Undisputed Facts

On August 8, 2019, Plaintiff's son, Mr. Antonio Jones, was transported from the Pope

County jail to the Faulkner County Detention Center ("FCDC") on a felony failure to appear

warrant.

Mr. Jones appeared to be in good health when he arrived at the FCDC.   At 3:15 p.m.,

Defendant Leanne Dixon, a medical assistant at FCDC, noticed Mr. Jones sitting on a bench.

Ms. Dixon asked Officer Thomas Samanich what was going on with Mr. Jones and Officer

Samanich told Ms. Dixon that he was not sure, but was about to take Mr. Jones's vital signs.

Ms. Dixon did not think that Mr. Jones's condition required immediate transport to the

emergency room.   This was Ms. Dixon's only encounter with Mr. Jones.

At 3:19 p.m., while Officer Samanich was taking Mr. Jones's vital signs, Ms. Dixon

called FCDC's jail nurse Ms. Karen Grant and told her that Mr. Jones was shaking and sweating

and that his eyes were really red.   Ms. Dixon also told Ms. Grant that Officer Samanich was

taking his vital signs.   Ms. Grant was concerned about a possible diabetic issue, which Mr. Jones

---

[3]Doc. No. 48.

[4]Doc. No. 59.

[5]Doc. No. 48.

had disclosed to the jail staff, so she instructed Ms. Dixon to make sure that his blood sugar was taken and to call her back when they had his vital sign results.  Ms. Dixon also told Ms. Grant that Mr. Jones was coherent and answering questions.

No jail staff told Ms. Grant that they thought Mr. Jones had taken any drugs, which is the normal procedure if drug use is suspected at the FCDC.  On more than one occasion, jail staff had asked Mr. Jones whether he had taken anything, and he denied taking any drugs.

After initially speaking with Ms. Grant about Mr. Jones, Ms. Dixon assisted Officer Samanich with obtaining his vital signs.  Officer Samanich and Ms. Dixon asked Mr. Jones–who was coherent and responding to their questions at that time–whether he had done or ingested any drugs and he told them no, that he had not.  Ms. Dixon believed him.

Because Mr. Jones was shaking and Ms. Dixon and Officer Samanich were using an automatic cuff that tolerated very little movement, they could not get a blood pressure reading at that time.  They did get a blood glucose reading, which was in the mid 80s, a normal reading.

At 3:23 p.m., Ms. Dixon called Ms. Grant back and conveyed Mr. Jones's blood sugar reading.  She also told Grant that they had been unable to get a blood pressure reading.  At that time, Ms. Grant told Ms. Dixon to begin a medical watch on Mr. Jones, which means placing him on the booking bench, in full view of numerous officers, to be checked on every 15 minutes and to have his vital signs (blood pressure, pulse, respiration, pulse ox, temperature) taken on an hourly schedule,  and to report back any changes in condition or abnormal readings.

The jail staff have automatic instruments for taking vital sign readings, when necessary, with instructions on the instrument or its storage case, and normal range charts were also available.

Ms. Dixon communicated Ms. Grant's instructions to Officer Samanich and he began the medical watch.  Ms. Dixon left the booking area at that time and went back to the medical clinic,

Appellate Case: 23-1367    Page: 12    Date Filed: 02/24/2023 Entry ID: 5250724    February 24 2023 p12

where Ms. Dixon repeated, in person, what she had told Nurse Grant on the phone.  Ms. Dixon also confirmed that Mr. Jones had been placed on medical watch and was being checked on every fifteen minutes and that the officers had expressed an understanding that they were to take his vital signs on an hourly schedule and were to report any problems.

Ms. Dixon left the facility a short time later when her shift ended.  She received no further information about Mr. Jones or his situation until she was informed that he had passed away. She was shocked when she heard he had died.

After speaking with Ms. Dixon in person a short time after they had their initial phone call about Mr. Jones's symptoms and Ms. Grant's decision to place him on medical watch, Ms. Grant heard nothing further about Mr. Jones's condition until the jail staff called her with new vital sign readings sometime around 4:30-4:45 p.m.  Jail staff reported that Mr. Jones's blood pressure was 103/85 and that his pulse ox (blood oxygen saturation level) was in the 90s, both of which were normal readings.

After receiving the normal vital sign readings, Ms. Grant asked what else was going on. The staff told her that Mr. Jones was still sweating and shaking, but mentioned nothing else.

After the call regarding Mr. Jones's second vital sign readings, Ms. Grant received no further information until shortly before 5:00 p.m. when Officer Calene Scott called her and told her that Mr. Jones's nose was bleeding.  Ms. Grant inquired about the extent of the bleeding.

Officer Scott told Ms. Grant that the detainee was grunting and was throwing up and bleeding out of his nose and asked Grant to come to booking.  Ms. Grant told them to get him over a trash can and told them that she was not the nurse on call, but she was coming down to booking immediately.  She arrived at 5:03 p.m.

When Ms. Grant arrived in the booking area, she saw Officer Homan attempting to rouse Mr. Jones with an ammonia capsule and instructed the officer at the desk to call 911.  She also

began examining him and noted that Mr. Jones's pupils were fixed and dilated and that he had blood coming out of his left nostril and the right side of his mouth.  His skin was cool and clammy to the touch and he had no pulse that she could feel.

Ms. Grant asked the officers to place Mr. Jones on the floor and begin CPR, which was done.  She then instructed them to get the defibrillator, but the devise signaled "no shock", so she was unable to use it.  He was also given Narcan, but it had no effect.  CPR was continued until the fire department and EMS arrived.  The first responders continued care until Mr. Jones left the jail.

From the time she first heard about Mr. Jones's situation, at 3:30 p.m, until she arrived in booking at 5:03 p.m., no officer or employee of the jail told Ms. Grant that Mr. Jones needed to be taken to the emergency room.

Officers regularly called 911 without contacting the nurse first, but no one did in Mr. Jones case because no one perceived an emergency until Ms. Grant arrived in the booking area.

Before her conversation with Officer Scott just a minute or two before 5:00 p.m., no one had asked nurse Grant to come to the booking area to see Ms. Jones in person.  Officers regularly ask Ms. Grant to see detainees in person.

An autopsy was performed on Mr. Jones, which determined that his death was caused by his ingestion of a plastic bag containing a large amount of methamphetamine.

The Plaintiff filed her Complaint in this case on May 21, 2021, alleging constitutional violations under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act ("ACRA") and medical negligence by Dr. Stewart and Ms. Grant, all of which allegedly resulted in Mr. Jones's death.[6]

---

[6]Doc. No. 1.

Defendants have filed two motions for summary judgment, one by Defendant Dr. Stewart, on the medical malpractice claim against him[7], and the other by the individual Defendants on all remaining claims.[8]  Dr. Stewart contends that no doctor-patient relationship existed between himself and Mr. Jones, so Plaintiff's medical malpractice claim fails as a matter of law.  Ms. Grant and Faulkner County contend that they are statutorily immune from the negligence claims.  All Defendants contend that they are entitled to qualified immunity for any alleged constitutional violations.  I agree.

## II.   APPLICABLE LAW

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[9]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[10]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[11]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[12]  This court must view the facts in the

---

[7]Doc. No. 40.

[8]Doc. No.43.

[9]*Holloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987); Fed R. Civ. P. 56.

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[11]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[12]*Id.* at 728.

light most favorable to the party opposing the motion.[13]  The Eighth Circuit has also set out the

burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[14] Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[15]

## III.   DISCUSSION

### A.   Defendant Garry Stewart's Motion for Partial Summary Judgment

Dr. Stewart contends that he did not have a doctor-patient relationship with Mr. Jones

under Arkansas law.  Since 2005, Dr. Stewart had an annual contract with the FCDC.  Under the

contract, he was the doctor and Medical Director for the FCDC.[16]

The Arkansas Medical Malpractice Act ("AMMA"),[17]applies to all causes of action for

medical injury.[18]  Ark. Code Ann. § 16-114-201 provides:

> (3) "Medical injury" or "injury" means any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider to a patient or resident, whether resulting from negligence, error, or omission in the performance of such services; or from rendition of such services

---

[13]*Id.* at 727-28.

[14]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[15]*Anderson*, 477 U.S. at 248.

[16]Doc. No. 41-6.

[17]Ark. Code Ann. §16-114-201 *et seq.*

[18]*St. Paul Mercury Ins. Co. v. Circuit Court of Craighead Cty.,W. Div.*, 348 Ark. 197, 203, 73 S.W.3d 584, 587-88 (2002).

7

without informed consent or in breach of warranty or in violation of contract; or
from failure to diagnose; or from premature abandonment of a patient or of a
course of treatment; or from failure to properly maintain equipment or appliances
necessary to the rendition of such services; or otherwise arising out of or
sustained in the course of such services.

To sustain a claim for medical negligence against Dr. Stewart, plaintiff must first establish

that Mr. Jones and Dr. Stewart had a doctor-patient relationship, and that Dr. Stewart owed him a

legal duty.[19]  Plaintiff contends this doctor-patient relationship was formed solely through Dr.

Stewart's obligations that arose through his contract with the FCDC.

However, I agree with Judge Marshall who considered the same issues under similar

facts in *Turner v. Stewart*.[20]  There was no doctor-patient relationship between Dr. Stewart and

Mr. Jones based on Mr. Jones's intake at the jail.  Similarly, Dr. Stewart's role as medical

director and policymaker for the jail did not create a doctor-patient relationship between him and

Mr. Jones.  The standards, jail rules, and protocols Plaintiff cites did not create a doctor-patient

relationship.[21]  Neither does Dr. Stewart's contract with the jail.  Any allegations stemming from

Dr. Stewart's role overseeing FCDC employees' contacts with Mr. Jones are outside the

AMMA's scope.

Accordingly, Mr. Stewart's motion for summary judgment on the medical malpractice

claim against him is GRANTED.

**B.**   **Defendants' Motion for Summary Judgment**

**1.**   **Medical Negligence Claim**

---

[19]See *Chatman v. Millis*, 257 Ark. 451, 517 S.W.2d 504 (1975).

[20]*Turner v. Stewart*, No. 4:18-CV-468-DPM, 2021 WL 4100084, at *2 (E.D. Ark. Sept. 8,
2021).

[21]Doc. No. 61, pp. 3-10.

Defendants contend that Plaintiff's wrongful death claim, medical negligence claim against Ms. Grant, and any vicarious liability attributable to Faulkner County are barred by statutory immunity under Ark. Code Ann. §21-9-30, which provides:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, public charter schools, special improvement districts, law enforcement agencies for and certified law enforcement officers employed by a public or private institution of higher education, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

In her response to the Defendants' motion for summary judgment, Plaintiff fails to make any argument, or point to any facts to support her claim for medical negligence against Defendant Grant, any vicarious liability claim against Defendant Faulkner County, or any wrongful death claim.  Additionally, it is undisputed that Defendants do not have insurance coverage relevant to the claims in this case.   Accordingly, Defendants' motion for summary judgment is GRANTED on Plaintiff's negligence claims.

## 2.    42 U.S.C. §1983/ACRA Claims

The Plaintiff's 42 U.S.C. 1983 claim is that Mr. Jones was denied appropriate medical care during his incarceration at the FCDC on August 8, 2019.[22]  Defendants contend they are entitled to qualified immunity and summary judgment as a matter of law.  Plaintiff argues that Defendants have failed to prove an absence of evidence supporting her claims.

In deciding whether an official is entitled to qualified immunity, I must ask two questions:  "(1) whether . . . there was a deprivation of a constitutional right; and, if so, (2)

---

[22]Doc. No. 1.

9

whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful."[23]

 "Deliberate indifference" to a detainee's serious illness or injury constitutes cruel and unusual punishment under the Eighth Amendment.[24]  "Deliberate indifference has both an objective and a subjective component."[25]  The objective component requires a plaintiff to demonstrate an objectively serious medical need.[26]  The subjective component requires a plaintiff to show that the defendant actually knew of, but deliberately disregarded, such need.[27]

To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, Plaintiff must establish a "mental state akin to criminal recklessness: disregarding a known risk to the inmate's health."[28]  However, while a deliberate-indifference claim requires the establishment of a defendant's actual, subjective knowledge, knowledge can be demonstrated with circumstantial evidence.[29]  Indeed, a factfinder may determine that a defendant was actually aware of a serious medical need, but deliberately disregarded it, "from the very fact that the [medical need] was obvious."[30]  Moreover, the Court of Appeals for the Eighth Circuit has noted

---

[23]*Vaughn v. Gray*, 557 F.3d 904, 908–09 (8th Cir. 2009).

[24]*Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir. 2000) ("It is well established that the Eighth Amendment prohibition on cruel and unusual punishment extends to protect prisoners from deliberate indifference to serious medical needs.")

[25]*Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir.2006).

[26]*Grayson v. Ross*, 454 F.3d 802, 808–09 (8th Cir.2006); *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997).

[27]*Id.*

[28]*Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.2006).

[29]See *Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge . . . is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.").

[30]*Id.*

that the "[i]ntentional delay in providing medical treatment shows deliberate disregard if a reasonable person would know that the inmate requires medical attention."[31]

### a.    Defendant Dr. Garry Stewart

Plaintiff did not clearly plead a claim of a constitutional violation by Dr. Stewart. However, to the extend her allegations can be construed to make such a claim, it is undisputed that Dr. Stewart never encountered Mr. Jones and did not even know he was in the jail. Under these facts, the Plaintiff failed to establish the requisite knowledge to proceed on a claim of deliberate indifference.  Accordingly, Defendant's motion for summary judgment is GRANTED.

### b.    Defendant Leanne Dixon

Plaintiff contends several facts demonstrate Ms. Dixon's deliberate indifference:  (1) that Ms. Dixon "observed that Jones was shaking, sweating, [and his] eyes were really red," (2) that she "was aware of how vigorously Jones was shaking and sweating because she was not able to get Jones' temperature and blood pressure . . . because Jones was shaking too much and the cuff kept giving them an 'error' reading," (3) that "[her finger prick showed Jones' blood sugar level as 84[,] within normal" limits, (4) that she called the nurse who was present at the facility at that time, Ms. Grant, and reported the foregoing facts, and (5) that "she relayed Grant's orders to place Jones on med watch."[32]

Plaintiff faults Ms. Dixon for telling Ms. Grant about Mr. Jones's symptoms, but not seeking emergency care for him.  This failure, according to Plaintiff constitutes deliberate indifference.  I disagree.

Based on the evidence in the record, Ms. Dixon did not think that Mr. Jones's condition required immediate transport to the emergency room at the time of her only encounter with him.

---

[31]*Gordon*, 454 F.3d at 862.

[32]Doc. No. 61, pp. 32-33.

Appellate Case: 23-1367   Page: 20   Date Filed: 02/24/2023 Entry ID: February 24 2023 p20

No one else called 911, or mentioned a need for emergency care to anyone during the relevant time period.  Additionally, the actual cause of Mr. Jones's condition–his ingestion of a bag of methamphetamine–was hidden from the jail staff , since Mr. Jones lied about it on several occasions.[33]

The undisputed facts show  that, instead of continuing her normal duties when she saw Mr. Jones, Ms. Dixon (1) examined him, (2) relayed her observations to Ms. Grant, (3) took Mr. Jones's vital signs, (4) called Ms. Grant back and relayed the vital signs results, (5) instructed the staff on how to perform the medical watch, and (6) talked with Ms. Grant in the jail clinic, informing her again about her observations and about her medical watch instructions to the staff, before she left at the end of her shift.[34]

Plaintiff has failed to show Ms. Dixon was deliberately indifferent to Mr. Jones's condition.  Accordingly, Ms. Dixon is entitled to qualified immunity.  Defendants' motion for summary judgment is GRANTED.

### c.    Defendant Karen Grant

Based on the record, no facts support Plaintiff's claim that Ms. Grant was deliberately indifferent to Mr. Jones's condition.  Plaintiff points to the report of Officer Mason, which states that "while Brock man and I [Mason] were doing a cell check Corporal Homan was checking detainee Jones blood pressure which was 260."[35]  However, the report does not assert that the blood pressure reading of 260 was ever conveyed to Ms. Grant.[36]  Additionally, no testimony indicates that Ms. Grant ever heard about this alleged high blood pressure reading.

---

[33]Doc. Nos. 44-2 , 44-3.

[34]*Id.*

[35]Doc. No.  61-18.

[36]*Id.*

Ms. Grant testified that she last spoke with the officers about vital sign readings sometime around 4:30-4:45 p.m. They reported that Mr. Jones's blood pressure was 103/85 and that his pulse ox was in the 90s, both of which were normal readings.  Ms. Grant asked what else was going on and they told her that he was still sweating and shaking, but mentioned nothing else.[37]

Ms. Grant received a call at 4:59 p.m. where she was informed that Mr. Jones was grunting, throwing up, and bleeding out of his nose.  Ms. Grant told jail staff to get him over a trash can and told them that she was coming to see Mr. Jones.  She arrived at 5:03 p.m.  Upon arrival, Ms. Grant called for 911, assessed the situation, and started CPR, including administering Narcan, which continued until Mr. Jones left the facility.[38]

When Ms. Grant first learned about Mr. Jones's condition she ordered him to be put on medical watch.  Additionally, Ms. Grant's knowledge of Mr. Jones's condition was that he had been sweating and shaking for a short period of time, but his vital sign readings were normal. When his condition changed, at 4:59 p.m., she responded and examined Mr. Jones at 5:03 p.m. Before her personal contact with Mr. Jones, no one advised Ms. Grant that Mr.  Jones needed to be taken to the emergency room.  In fact, none of the staff asked Ms. Grant to come see Mr. Jones before the call at 4:59.

It is "deceivingly inviting to take [death], ipso facto, as conclusive proof of deliberate indifference."[39]  But this would be error, for hindsight does not a deliberate-indifference claim

---

[37]Doc. No.  44-2.

[38]*Id.*

[39]*Rellergert ex rel. Rellergert v. Cape Girardeau Cnty.*, Mo., 924 F.2d 794, 796 (8th Cir.1991).

make.[40]  "Simply laying blame or fault and pointing out what might have been done is insufficient. The question is not whether the [jail staff] did all they could have, but whether they did all the Constitution requires."[41]

Plaintiff has failed to show that Ms. Grant was deliberately indifferent to Mr. Jones's medical condition.  Accordingly, Defendant's motion for summary judgment is GRANTED.

### 2.    Faulkner County Liability

A governmental entity can be liable under § 1983 even though no government official was found personally liable.[42]  Plaintiff must identify a "policy" or "custom" that caused the injury.[43]  Plaintiff must also demonstrate that, through its deliberate conduct, the government entity was the "moving force" behind the injury alleged.[44]  That is, a plaintiff must show that the county's action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the action and the deprivation of federal rights.[45]

In her summary judgment response, the Plaintiff points to two alleged policies that she claims caused delays in Mr. Jones receiving emergency care, and violated his rights.  Specifically, she claims that FCDC policies required jail officers (1) to gather certain information before calling the jail nurse and (2) to refrain from sending a detainee to the ER without prior approval from the nurse.[46]

---

[40]*Letterman v. Does*, 789 F.3d 856, 862 (8th Cir.2015).

[41]*Rellergert*, 924 F.2d at 797.

[42]See *Parish v. Lucie*, 963 F.2d 201, 207 (8th Cir.1992) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 484–85 (1986)).

[43]*Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 397 (1997).

[44]See *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 695 (1978)

[45]*Doe By & Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998).

[46]Doc. No. 61.

14

However, neither of these alleged policies are relevant in this case.  Based on the record, FCDC staff called Ms. Grant without obtaining the information listed on the sheet referenced by Plaintiff.  So, the criteria on that sheet did not cause anyone to wait to call the nurse.  Additionally, the policy requiring pre-approval by the nurse before sending a detainee to the emergency room is also irrelevant because no one asked for approval and was denied.

Plaintiff failed to show that Faulkner County had policies that were the "moving force" or had a causal link to Mr. Jones's death.  Accordingly, Defendant's motion for summary judgment is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant Gary Stewart's Partial Motion for Summary Judgment (Doc. No. 40) is GRANTED.  Defendants' Motion for Summary Judgment (Doc. No. 43) is GRANTED.  Plaintiff's Motion in Limine (Doc. No. 48) is DENIED.  Defendant's Motion in Limine (Doc. No. 45), Plaintiff's Motions in Limine (Doc. No. 48), and Defendant Garry Stewart's Motion to Strike Untimely Daubert Motion (Doc. No. 68) are DENIED AS MOOT.  The case is dismissed with prejudice.

IT IS SO ORDERED this 27th day of December, 2022.


_____BILLY ROY WILSON_____
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SANDRA JONES, Personal Representative of**
**the Estate of ANTONIO L. JONES, Deceased**                              **PLAINTIFF**

**v.**                              **4:21-CV-00444-BRW**

**FAULKNER COUNTY, ARKANSAS**
**Dr. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**                              **DEFENDANTS**

## JUDGMENT

Based on the Order entered today, December 27, 2022, this case is dismissed with

prejudice.

IT IS SO ORDERED this 27th day of December, 2022.

_____SANDRA ROY WILSON_____

_____BILLY ROY WILSON_____
UNITED STATES DISTRICT JUDGE

1

```
MIME-Version:1.0
From:ecf_support@ared.uscourts.gov
To:ared_ecf@localhost.localdomain
Bcc:
--Case Participants: Dustin Robert Darst (ahitchcock@rmp.law, ddarst@rmp.law, tvines@rmp.law), Paul D.
McNeill (ahitchcock@rmp.law, pmcneill@rmp.law, tvines@rmp.law)), Michael Allen Mosley
(mamosley75@hotmail.com, miranda@jowenslawfirm.com, mosley@jowenslawfirm.com, parker@jowenslawfirm.com),
Jason E. Owens (miranda@jowenslawfirm.com, owens@jowenslawfirm.com, parker@jowenslawfirm.com), Morris W.
Thompson (mwthompsonlaw@sbcglobal.net), Judge Billy Roy Wilson (brwchambers@ared.uscourts.gov,
melanie_beard@ared.uscourts.gov)
--Non Case Participants: Clerk's Office (clerksoffice@ared.uscourts.gov)
--No Notice Sent:

Message-Id:<9294606@ared.uscourts.gov>
Subject:Activity in Case 4:21-cv-00444-BRW Jones v. Faulkner County, Arkansas et al Order on Motion to
Amend/Correct
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of Arkansas

### Notice of Electronic Filing

The following transaction was entered on 1/26/2023 at 10:10 AM CST and filed on 1/26/2023
**Case Name:**          Jones v. Faulkner County, Arkansas et al
**Case Number:**       4:21-cv-00444-BRW
**Filer:**
**WARNING: CASE CLOSED on 12/27/2022**
**Document Number:**75(No document attached)

**Docket Text:**
**(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) ORDER denying [74] Plaintiff's Motion to Amend Judgment. Signed by Judge Billy Roy Wilson on 01/26/23. (dmm)**

**4:21-cv-00444-BRW Notice has been electronically mailed to:**

Paul D. McNeill      pmcneill@rmp.law, ahitchcock@rmp.law, tvines@rmp.law

Morris W. Thompson      mwthompsonlaw@sbcglobal.net

Michael Allen Mosley      mosley@jowenslawfirm.com, mamosley75@hotmail.com, miranda@jowenslawfirm.com, parker@jowenslawfirm.com

Jason E. Owens (Terminated)      owens@jowenslawfirm.com, miranda@jowenslawfirm.com, parker@jowenslawfirm.com

Dustin Robert Darst      ddarst@rmp.law, ahitchcock@rmp.law, tvines@rmp.law

**4:21-cv-00444-BRW Notice has been delivered by other means to:**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**SANDRA JONES, Personal Representative of**                 **PLAINTIFF**
**the Estate of ANTONIO L. JONES, Deceased**

**VS.**                    **Case No: 4:21-cv-444-BRW**

**FAULKNER COUNTY, ARKANSAS**                              **DFENDANTS**
**Dr. GARRY STEWART, M.D., Individually,**
**KAREN GRANT, Individually,**
**and LEANNE DIXON, Individually**

## NOTICE OF APPEAL

The Plaintiff, Sandra Jones, appeals to the United States Court of Appeals

for the Eighth Circuit from the final judgment the Court entered on December 27,

2022 and from the Order the Court entered on January 26, 2023. (ECF No. 73;

ECF No. 75).

Respectfully submitted for Sandra Jones,
Special Administrator of the Estate of Antonio
Jones, deceased

Morris W. Thompson

Morris W. Thompson Law Firm, P.A.
P. O. Box 662
Little Rock, AR  72203
(501) 661-8100
(501) 663-3544
E-mail:  mwthompsonlaw@sbcglobal.net
ABN:80145

U. S. COURT OF APPEALS - EIGHTH CIRCUIT
NOA SUPPLEMENT

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of case)

Date 2/24/2023

| | |
|---|---|
| **Caption:** | Jones v. Faulkner County, Arkansas et al |
| **Case No.:** | 4:21-cv-00444-BRW |
| **Appellant:** | Sandra Jones |
| **Appellant's Attorney(s):** | Morris W. Thompson |
| **Appellees:** | Faulkner County, Arkansas;  Garry Stewart;  Karen Grant;  Leanne Dixon |
| **Appellee's Attorney(s):** | Jason E. Owens,  Michael Allen Mosley |
| **Court Reporter(s):** | n/a |
| **Name of Person who prepared appeal:** | Forrest Dunn, Deputy Clerk (501-604-5341) |

| Length of Trial (# of days) | Fee Paid? Y/N: | IFP Granted? Y/N | Pending IFP Motion Pending? Y/N |
|---|---|---|---|
| n/a | N | N | N |

| Counsel Retained/Appointed/Pro Se | Pending Motions? Y/N |
|---|---|
| Retained | N |

**CRIMINAL CASES ONLY:**

**Is defendant incarcerated?** _____

**Where?** _____
**Address of Defendant:** _____

**Please list all other defendants in this case if there were multiple defendants:**
_____

**Special Comments:** _____